IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LaROYCE LATHAIR SMITH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-1826-N-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner LaRoyce Lathair Smith, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and denied in part.

I.

In 1991, petitioner was convicted of capital murder and sentenced to death. His death sentence was vacated on collateral review and the case was remanded for a new punishment hearing. *See Smith v. Texas*, 550 U.S. 297, 127 S.Ct. 1686, 167 L.Ed.2d 632 (2007). On remand, the parties entered into a plea agreement whereby petitioner accepted a life sentence for his capital murder conviction and pled guilty to three additional felonies. In addition to life imprisonment for capital murder, petitioner was sentenced to 99 years for aggravated kidnaping, 20 years for burglary of a building, and eight years for retaliation. No appeal was taken from any of those convictions. Instead, petitioner challenged his convictions and sentences for aggravated kidnaping, burglary of a building, and retaliation in separate applications for state post-conviction relief. The applications

were dismissed. *Ex parte Smith*, WR-36,512-07, WR-36,512-08 & WR-36,512-09, 2011 WL 2473314 (Tex. Crim. App. Jun. 22, 2011). Petitioner then filed this action in federal district court.

II.

Petitioner contends that: (1) his convictions are barred by limitations; (2) the trial court improperly "stacked" his sentences; (3) he received ineffective assistance of counsel; and (4) he was denied due process on state collateral review.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on October 12, 2011. The court now determines that this case should be dismissed in part on limitations grounds and denied in part.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 99 years confinement for aggravated kidnaping, 20 years confinement for burglary of a building, and eight years confinement for retaliation. Judgment on all three convictions was entered on March 27, 2008, and no appeal was taken. Therefore, the convictions became final 30 days thereafter on April 28, 2008.[1] *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed). Petitioner did not file applications for state post-conviction relief until December 2, 2010 -- more than *31 months* after his convictions became final. The applications were dismissed on June 22, 2011. Petitioner filed this action in federal court on July 24, 2011.

In an attempt to avoid dismissal, petitioner merely reiterates that his underlying convictions are barred by limitations. However, equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citation omitted) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); *see*

---

[1] The 30th day after judgment was entered fell on Saturday, April 26, 2008. As a result, petitioner had until the following Monday, April 28, 2008, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

*also United States v. Fisher*, No. 3-08-CV-1609-D, 2008 WL 5061670 at *3 (N.D. Tex. Nov. 25, 2008), *appeal dism'd*, 354 Fed.Appx. 927, 2009 WL 4572870 (5th Cir. Dec. 7, 2009) (a defendant cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void"); *Willis v. Dretke*, No. 3-03-CV-1284-G, 2005 WL 39053 at *2 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 195405 (N.D. Tex. Jan. 27, 2005) (same). Without a basis for statutory or equitable tolling of the AEDPA limitations period, petitioner's claims challenging his underlying convictions and sentences are time-barred and should be dismissed.

C.

To the extent petitioner argues that he was denied due process on state collateral review because the Texas Court of Criminal Appeals refused to consider his claims on the merits, that ground is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). This ground for relief should be overruled.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to his convictions and sentences for aggravated kidnaping, burglary of a building, and retaliation should be dismissed on limitations grounds. Petitioner's claim that he was denied due process on state collateral review should be denied on the merits.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 18, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE