IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LaROYCE LATHAIR SMITH §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§ NO. 3-11-CV-1826-N-BD<br>RICK THALER, Director §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division §<br>§<br>Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner LaRoyce Lathair Smith, a Texas prisoner, has filed a Rule 60(b) motion for relief from the November 30, 2011 judgment dismissing in part and denying in part his application for writ of habeas corpus. For the reasons stated herein, the motion should be denied.

I.

In 1991, petitioner was convicted of capital murder and sentenced to death. His death sentence was vacated on collateral review and the case was remanded for a new punishment hearing. *See Smith v. Texas*, 550 U.S. 297, 127 S.Ct. 1686, 167 L.Ed.2d 632 (2007). On remand, the parties entered into a plea agreement whereby petitioner accepted a life sentence for his capital murder conviction and pled guilty to three additional felonies. In addition to life imprisonment for capital murder, petitioner was sentenced to 99 years for aggravated kidnaping, 20 years for burglary of a building, and eight years for retaliation. No appeal was taken from any of those convictions. Instead, petitioner challenged his convictions and sentences for aggravated kidnaping, burglary of a building, and retaliation in separate applications for state post-conviction relief. The applications

were dismissed. *Ex parte Smith*, WR-36,512-07, WR-36,512-08 & WR-36,512-09, 2011 WL 2473314 (Tex. Crim. App. Jun. 22, 2011). Petitioner then sought federal habeas relief. The court dismissed on limitations grounds all claims challenging the underlying state court convictions, and denied petitioner's claim that he was denied due process on state collateral review. *See Smith v. Thaler*, No. 3-11-CV-1826-N, 2011 WL 5979850 (N.D. Tex. Oct. 18, 2011), *rec. adopted*, 2011 WL 5979577 (N.D. Tex. Nov. 30, 2011). Petitioner now seeks relief from that judgment pursuant to Fed. R. Civ. P. 60(b).

II.

Under Rule 60(b), a district court may grant relief from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court may also set aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Machinery & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrog. on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

Judged against these standards, petitioner is not entitled to Rule 60(b) relief. Petitioner does not seek relief on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud by the opposing party. Nor does he argue that the judgment is void.

Instead, petitioner merely reurges the same claims made in his federal writ, and asks the court to consider those claims on the merits to avoid a "miscarriage of justice."[1] To the extent petitioner is attempting to relitigate claims that were dismissed by this court on limitations grounds, he cannot do so without the permission of the court of appeals. *See Garcia v. Quarterman*, No. 3-05-CV-2334-B, 2008 WL 1745059 at *2 (N.D. Tex. Apr. 15, 2008) (dismissing as successive claims attacking state court judgment raised in Rule 60(b) motion).

## RECOMMENDATION

Petitioner's Rule 60(b) motion [Doc. #16] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Several courts in other circuits have held that there is no "miscarriage of justice" exception to the AEDPA statute of limitations. *See, e.g. Araujo v. Chandler*, 435 F.3d 678, 680-81 (7th Cir. 2005), *cert. denied*, 127 S.Ct. 39 (2006); *David v. Hall*, 318 F.3d 343, 347 (1st Cir.), *cert. denied*, 124 S.Ct. 66 (2003); *Godfrey v. Patrick*, No. 05-1106, 2006 WL 3692598 at *3 & 13 (W.D. Pa. Dec. 12, 2006). At least one federal appeals court has held to the contrary. *See Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). Although the Fifth Circuit has declined to address this precise issue, *see Ford v. Johnson*, 263 F.3d 162 (Table), 2001 WL 803555 at *5 (5th Cir. Jun. 11, 2001), *cert. denied*, 122 S.Ct. 830 (2002), it has determined that a claim of actual innocence does not preclude the dismissal of a federal habeas petition on limitations grounds. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2277 (2003).

DATED: April 16, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE